# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 18MJ2653 WQH |
| Plaintiff, | **ORDER** |
| v. | |
| FAUSTO CHAVEZ-CASTILLO, | |
| Defendant. | |

HAYES, Judge:

This matter comes before the Court on Defendant's Notice of Appeal to the District Court pursuant to Rule 7 of the Trial of Misdemeanors before the United States Magistrate. (ECF No. 12).

## BACKGROUND FACTS

On May 19, 2018, Defendant was arrested in an area located approximately twenty miles east of the Tecate, California Port of Entry by agents of the United States Border Patrol. Defendant stated that he is a citizen of Mexico and not in possession of immigration documents allowing him to enter or remain in the United States legally.

On May 21, 2018, a complaint was filed charging that Defendant "an alien, did knowingly elude examination and inspection by Immigration Officers, a misdemeanor; in violation of Title 8, United States Code, Section 1325(a)(2)." (ECF No. 1).

On June 12, 2018, Defendant, represented by counsel, entered a plea of guilty to a violation of 8 U.S.C. § 1325(a)(2) before the United States Magistrate Judge. At the time of the plea, the Magistrate Judge informed Defendant of his right to a non jury

trial, his right to the assistance of counsel, his right to confront and cross-examine witnesses, his right to testify, his right to present evidence, and his right to compel attendance of witnesses. The Magistrate Judge informed Defendant of his right to remain silent and his right to appeal. The Magistrate Judge informed Defendant of the elements of the charge and the maximum penalties. The Magistrate Judge reviewed the plea agreement in which Defendant agreed to plead guilty, and to waive his rights to appeal and to collaterally attack his conviction and sentence. The Government agreed to recommend a time-served sentence. As a factual basis for the plea, Defendant admitted that he was not a citizen of the United States and that he "intentionally cross[ed] the border between Mexico and the United States approximately 20 miles east of the Tecate Port of Entry." (ECF No. 15 at 5). Counsel for Defendant concurred in the plea. The Magistrate Judge found the plea was made knowingly and voluntarily with a full understanding of the nature of the charge, Defendant's rights, and the consequences of the plea. The Magistrate Judge found "that there is factual basis for the plea" and accepted the plea. *Id.* at 6.

The Magistrate Judge entered a judgment imposing a sentence of time served and Defendant was released from custody.

On June 19, 2018, Counsel for Defendant filed a Notice of Appeal from the Judgment entered by the Magistrate Judge. Defendant contends that the Magistrate Judge failed to properly determine a sufficient factual basis for the plea in violation of Rule 11 of the Federal Rules of Criminal Procedure. Defendant contends that the crime of eluding examination pursuant to 8 U.S.C. § 1325(a)(2) can only occur at a place designated for entry and that the factual basis for his plea established that he entered at a non-designated place. Defendant contends that a non-citizen crossing into the United States miles away from a port of entry has avoided examination but has not eluded examination. Defendant asserts that entering the United States at a non-designated place may violate § 1325(a)(1) but cannot violate § 1325(a)(2). Defendant asserts that he is innocent of eluding examination in violation of § 1325(a)(2) because

the factual basis for his conduct establishes that he entered the United States at a non-designated place. Defendant further contends that the factual basis failed to establish that he crossed into the United States free from official restraint.

Defendant contends that the United States must prove that the Rule 11(b) errors were harmless because this appeal presents a pure question of law and the Rule 11 violation vitiates his appellate waiver. Defendant contends that the Court must vacate his guilty plea and remand this case to the Magistrate Judge for further proceedings.

Plaintiff United States contends that Defendant's admission that he was not a citizen of the United States and that he intentionally crossed the international border in an area twenty miles from the Tecate Port of Entry properly formed the factual basis for a violation of § 1325(a)(2). Plaintiff United States asserts that statutory text and case law do not require that eluding examination in violation of § 1325(a)(2) occur at a designated port of entry. Plaintiff United States further contends that the official restraint doctrine is required for the purposes of proving an entry in immigration offenses and that entry is not required in order to prove § 1325(a)(2) violation.

Plaintiff United States contends that review in this case is for plain error because Defendant did not object to the factual basis at the time of the plea and affirmatively concurred in the factual basis. Plaintiff United States contends that the claim of a Rule 11 error in this case is, at best, a mixed question of law and fact reviewed for plain error. Plaintiff United States contends that a timely objection to the factual basis would have prompted the prosecutor to add more facts detailing the entry and that plain error is the proper review when the opportunity to correct an error is lost because of the lack of an objection.

### RULING OF THE COURT

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." 18 U.S. C. § 3402. Rule 58(g)(2)(B) of the Rules of Criminal Procedure provides that "[a] defendant may appeal a magistrate

judge's judgment of conviction or sentence to a district judge within 14 days of its entry." Fed. R. Crim. P. 58(g)(2)(B). Defendant filed a timely appeal claiming a violation of the requirements of Federal Rule of Criminal Procedure 11(b)(3).

Rule 11(b)(3) states, "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim P. 11(b)(3). In this case, the Magistrate Judge reviewed the factual basis with Defendant and all counsel in open court. The Magistrate Judge asked counsel for Defendant if he concurred in the plea. Counsel for Defendant stated "Yes, your honor." (ECF No. 15 at 5). The Magistrate Judge found a factual basis for the plea and accepted the plea. Defendant did not object at the time of sentencing to any aspect of the plea or sentencing. "To obtain a reversal of a conviction based on Rule 11 error, the defendant must show, based upon the entire record, that the error affected his substantial rights." *United States v. Monzon*, 429 F.3d 1268, 1271-72 (9th Cir. 2005). Defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). "A defendant must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *Id.* (internal quotation marks and citations omitted). While the reviewing court generally applies a plain error review if Defendant fails to raise an objection below, Defendant's claim that a violation of § 1325(a)(2) must be committed at a Port of Entry presents a legal issue. If Defendant is correct, the conviction has no factual basis.

8 U.S.C. § 1325(a) imposes criminal penalties on any alien

> Who (1) enters . . . the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) . . . obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact . . . .

"By its terms, Section 1325 is violated only if the alien 'enters' or 'obtains entry to' the United States ((1), (3)) or if the alien 'eludes examination or inspection by immigration

- 4 -

officers' ((2))." *United States v. Oscar*, 496 F.2d 492, 493 (9th Cir. 1974). The statutory language in § 1325(a)(2) does not limit the conduct of eluding examination or inspection to a designated port of entry. Defendant cites no case law which limits the application of § 1325(a)(2) to a designated port of entry.

In evaluating the adequacy of a Rule 11 colloquy, the court examines the record of the plea proceeding itself. *See United States v. Covian-Sandoval*, 462 F.3d 1090, 1093 (9th Cir. 2006). In evaluating the requirements of Rule 11(b)(3), the court determines whether the admissions at the time of the plea "established on the record that there is sufficient evidence to support the conclusion that the defendant is guilty." *Id.* quoting *United States v. Rivera-Ramirez*, 715 F.2d 453, 457 (9th Cir. 1983). In this case, Defendant's admissions that he was not a citizen of the United States and that he "intentionally cross[ed] the border between Mexico and the United States approximately 20 miles east of the Tecate Port of Entry" (ECF No. 15 at 5) satisfied the requirement that the court must determine that "there is a factual basis for the plea." Fed. R. Crim P. 11(b)(3). There is no requirement in § 1325(a)(2) that the act of eluding examination or inspection by an immigration officer take place at a designated port of entry. *See United States v. Rincon-Jimenez*, 595 F.2d 1192, 1193-94 (9th Cir. 1979) ("Because these examinations and inspections are to take place at the time of entry, a fixed point in time, this suggests that the offense described by § 1325(2) is consummated at the time an alien gains entry through an unlawful point and does not submit to these examinations."). Defendant's admission that he crossed the border intentionally in an area twenty miles east of the Tecate Port of Entry is sufficient evidence to support the conclusion that he was guilty of the offense of eluding examination or inspection by an immigration officer.

The conclusion that a violation of § 1325(a)(2) does not require eluding inspection at a designated port of entry does not render § 1325(a)(1) prohibiting entry at a place other than designated by immigration officials "superfluous, void or insignificant." (ECF No. 17 at 10 (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 31

(2001))). In order to prove a violation of § 1325(a)(1), the Government is required to prove an entry at any time or place other than as designated by immigration officers. "[F]or immigration purposes, 'entry' is a term is art requiring not only physical presence in the United States but also freedom from official restraint." *United States v. Argueta-Rosales*, 819 F.3d 1149, 1158 (9th Cir. 2016). A violation of § 1325(a)(2) does not require proof of an entry and does not require proof that Defendant was free from official restraint. Consequently, a plea of guilty to a violation of § 1325(a)(2) does not require Defendant to admit facts to support the conclusion that he was free from official restraint. The offense described in § 1325(a)(2) requires facts to support the conclusion that an alien has eluded examination and inspection by immigration officers. The offense in § 1325(a)(1) and the offense in § 1325(a)(2) may include conduct that can partially overlap but the offenses do not completely overlap such that one is superfluous. *See United States v. Carona*, 660 F.3d 360, 369 (9th Cir. 2011) ("It should not be surprising that statutes are not necessarily written so that one and only one can apply at a time. To the contrary, statutes often contain overlapping provisions.").

IT IS HEREBY ORDERED that Defendant's Notice of Appeal to the District Court pursuant to Rule 7 of the Trial of Misdemeanors before the United States Magistrates (ECF No. 12) is denied. Defendant's conviction is affirmed.

DATED: August 13, 2018

**WILLIAM Q. HAYES**
United States District Judge

- 6 -